FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 23, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUAN R., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:23-CV-5053-JAG <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER |

**BEFORE THE COURT** are Plaintiff's Opening Brief and the Commissioner's Brief in response. ECF Nos. 7, 9. Attorney Kathryn Higgs represents Juan R. (Plaintiff); Special Assistant United States Frederick Fripps represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 2.

After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's motion to reverse the decision of the Commissioner, **DENIES** Defendant's motion to affirm, and **REMANDS** the matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . 1

## I.    JURISDICTION

Plaintiff filed an application for benefits on January 17, 2020, alleging disability since August 14, 2018. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Lori Freund held a hearing on February 10, 2022, and issued an unfavorable decision on March 29, 2022. Tr. 21-31. The Appeals Council denied review on March 7, 2023. Tr. 1-5. Plaintiff appealed the final decision of the Commissioner on April 21, 2023. ECF No. 1.

## II.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th

Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

### III.  SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). At steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### IV.  ADMINISTRATIVE FINDINGS

On March 29, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 21-31.

At **step one**, the ALJ found Plaintiff had not engaged in substantial gainful activity since August 14, 2018, the alleged onset date. Tr. 23.

At **step two**, the ALJ determined Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine. Tr. 23.

At **step three**, the ALJ found this impairment did not meet or equal the requirements of a listed impairment. Tr. 25.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform light work subject to the following additional limitations:

> The claimant can lift up to 15 pounds occasionally and 10 pounds frequently. He can stand and/or walk for a total of up to 4 hours in an 8-hour workday. He can sit for at least 6 hours in an 8-hour workday. He must avoid stooping, kneeling, crouching, crawling, or climbing ladders, ropes, and scaffolds. He can occasionally climb ramps and stairs or balance. He can occasionally operate foot controls with the left lower extremity. He must avoid all exposure to unprotected heights, hazards, and hazardous machinery. He must avoid concentrated exposure to extreme temperatures and vibration.

Tr. 25.

At **step four**, the ALJ found Plaintiff could not perform past relevant work. Tr. 29.

At **step five**, the ALJ found there are jobs that exist in significant numbers in the national economy that the claimant could perform, to include small parts assembler and retail price marker. Tr. 30.

The ALJ thus concluded Plaintiff was not disabled from the alleged onset date through the date of the decision. Tr. 30.

## V.   ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ improperly evaluated the medical opinion evidence; (B) whether the ALJ erred by

discounting Plaintiff's testimony; (C) whether the ALJ erred at step two; and (D) whether the ALJ erred at step five.  ECF No. 7 at 4.

## VI.  DISCUSSION

### A.  **<u>Medical Evidence.</u>**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record.  20 C.F.R. § 416.920c(a)-(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).  Plaintiff contends the ALJ erroneously failed to weigh the opinions of Plaintiff's treating providers:  Mary Pine, PA-C, John Michael Echeveste, PA-C, and Daniel Lazar, M.D.  ECF No. 7 at 19.

The Court concludes the ALJ erred by failing to appropriately weigh and develop the record with respect to the opinions of Plaintiff's treating providers.[1] The Commissioner contends that any error was harmless because "[n]one of this evidence offers an opinion about Plaintiff's functioning," pointing specifically to PA-C Pine's opinion that Plaintiff was limited to "seldom" sitting and standing/walking.  ECF No. 9 at 10.  The Commissioner wrongly contends "seldom" is vague, though unlike "limited" or "fair," "seldom" is precisely defined on the Activity Prescription Form utilized by PA-C Pine and consistent with the Commissioner's own regulations.  *See* Tr. 2182 (defining "seldom" as "1-10%" of

---

[1] As discussed herein, because the Court concludes the ALJ erroneously failed to weigh the opinion of PA-C Pine, and remands the matter, it need not address whether or not the ALJ erred with respect to PA-C Echeveste or Dr. Lazar. Instead, the Court instructs the ALJ to obtain on remand medical source statements from Plaintiff's other treating providers.

ORDER GRANTING PLAINTIFF'S MOTION . . . 5

the time or "0-1 hour" and "occasional" as "11-33%" or "1-3 hours"); *accord* SSR 83-10, 1983 WL 31251, at *5 ("'Occasionally' means occurring from very little up to one-third of the time."). Notably, PA-C Pine used "seldom" alongside "never," "occasional," and "frequent" – terms appearing in the instant RFC. *See* Tr. 25.

The Commissioner further asserts "the ALJ did not evaluate any of this evidence because none of the providers assessed specific limitations that required evaluation." ECF No. 9 at 10. The ALJ, however, did not articulate such a finding. The Court may only affirm an ALJ's decision based on the reasons actually given, "not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

Accordingly, the ALJ's failure to weigh PA-C Pine's opinion was not harmless error. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all medical opinion evidence."); SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Lest potentially significant and probative evidence from the treating providers be excluded from the record, the ALJ on remand shall contact PA-C Pine, PA-C Echeveste, and Dr. Lazar to obtain fulsome medical source statements. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered.") (internal quotation marks and citations omitted); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (noting the ALJ's duty to develop the record "exists even when the claimant is represented by counsel").

B. **Plaintiff's Testimony.**

Plaintiff contends the ALJ erroneously discounted his testimony. ECF No. 7 at 10-16. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony. The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence (including Plaintiff's "conservative treatment" and response to treatment). Tr. 26-28. However, because the ALJ erred in assessing and developing the record with respect to the opinions of Plaintiff's treating providers (who may speak to Plaintiff's course of and response to treatment), and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

The ALJ next discounted Plaintiff's testimony as inconsistent with "[s]urveillance notes of record" purporting to show Plaintiff "working at a private residence, doing what appears to be home renovation." Tr. 27. The ALJ concluded these activities are "inconsistent" with Plaintiff's testimony. Tr. 27. Plaintiff contends the individual surveilled was not Plaintiff and that, in any event, "the activities are not inconsistent with his testimony." ECF No. 7 at 15. The Commissioner maintains "[w]e have no reasonable basis to believe that the person observed was anyone but Plaintiff," but offers a partial concession: "Regardless, while Plaintiff is correct, these activities in total are not evidence of ability to work, they certainly do not paint the picture of a debilitated person." ECF No. 9 at 7. In light of this partial concession and black-letter law instructing that "[o]ne

does not need to be 'utterly incapacitated' in order to be disabled," *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)), the Court concludes the ALJ unreasonably relied on the surveillance reports to discount Plaintiff's testimony.[2]

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with his daily activities, specifically finding:

> He is able to do household chores, do dishes, and picks things up around the house. He has always liked to help his wife around the house. The claimant says his ability for chores has changed, and his son helps him with things like moving heavy items and doing yardwork. The claimant does more chores around the house because his wife works. He cooks and helps with dishes, although he says he does not mow or keep up with home maintenance outdoors (although notably, this is inconsistent with the observed surveillance discussed). He plays music with friends and collects instruments. The claimant feels he needs to use a cane, but he does not use one and feels embarrassed by using one. He drives, does chores, and is independent with bathing and dressing.

Tr. 27-28 (internal citations omitted). The Commissioner does not defend this reasoning. In any event, however, these minimal activities neither "meet the threshold for transferable work skills," *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603), nor validly undermine Plaintiff's allegations, *see Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not

---

[2] Notably, the ALJ failed to question Plaintiff about the surveillance report at the hearing. Social Security proceedings are "inquisitorial rather than adversarial." *Sims v. Apefel*, 530 U.S. 103, 110-11 (2000) (plurality opinion). The ALJ's use of this evidence against Plaintiff – without any questioning on this score – is inconsistent with the regulations governing the proceeding.

ORDER GRANTING PLAINTIFF'S MOTION . . . 8

similar to typical work responsibilities."); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). The ALJ thus erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

## VII. CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical evidence and Plaintiff's testimony must be developed and reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

Because the ALJ misevaluated the medical evidence and Plaintiff's testimony, the ALJ will necessarily need to make new step two findings, which were based on the ALJ's evaluation of both medical and testimonial evidence, and determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignments of error concerning the other steps of the sequential evaluation process. *See PDK Labs. Inc. v. DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall develop the record; obtain medical source statements from Plaintiff's treating providers and evaluate their opinions; reassess

ORDER GRANTING PLAINTIFF'S MOTION . . . 9

Plaintiff's testimony; and reevaluate the steps of the sequential evaluation, as appropriate.

Having reviewed the record and the ALJ's findings, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further proceedings under sentence four of 42 U.S.C. § 405(g).

Therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to reverse, **ECF No. 7**, is **GRANTED**.
2. Defendant's motion to affirm, **ECF No. 9**, is **DENIED**.
3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED September 23, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE